IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Andrew G. Weaver, | Case No. 3:12 CV 2418 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Jay Fishman, et al., | |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff Andrew Weaver filed this action against St. Paul Fire Chief Executive Officer Jay Fishman, General Contractor J. E. Williams,[1] United States District Court Judge Fred Biery,[2] University of Toledo Law Professor Robin Kennedy, Social Security Administrative Appeals Officer Aimee Durel, the United States Attorney General, and Assistant United States Attorney Kathleen Midian. Plaintiff asserts Defendants contributed to the dismissal of a lawsuit he filed in 2003 and his recent denial of social security benefits. He seeks monetary damages against Defendants, and an award of social security benefits from 1986 to the present.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. 2). That Application is granted. Plaintiff also filed Motions for Appointment of Counsel (Doc. 3), a Closed Hearing (Doc. 4), and to Compel Discovery (Doc. 5).

---

[1] Plaintiff refers to Defendant as J. E. William in the case caption, and then as J. E. Williams in the body of the Complaint. This action is related to an action filed in the United States District Court for the Western District of Texas, *Weaver v. U.S. Dist. Ct. for the W. Dist. of Tex.*, No. 04M61 (2005), which refers to Defendant as J. E. Williams. The Court will also refer to Defendant as Williams.

[2] Plaintiff names "Federal Judge San Antonio Tex Fred Brey" as a Defendant (Doc. 1 at 1). The United States District Court for the Western District of Texas, San Antonio Division, does not have a sitting judge by that name. The Chief Judge for the Western District of Texas is Judge Fred Biery, and Judge Biery presided over Plaintiff's case. This Court presumes Plaintiff intended to name Judge Biery as a defendant.

**BACKGROUND**

Plaintiff contends he was injured in 1984 while working on a federal housing project for J. E. Williams in Texas. He filed a lawsuit in the United States District Court for the Western District of Texas in 2003 claiming he had been awarded compensation for his injuries, but St. Paul Fire & Marine Insurance was not making payments on the settlement. *See Weaver v. St. Paul Fire & Marine Co.*, No. SA-03-CV-626 (W.D. Tex. Dec. 15, 2003) (Biery, J). Plaintiff suggests the payments ceased because Williams did not file a proper wage earning statement in March 1984.

On December 15, 2003, Judge Biery dismissed the case pursuant to Federal Civil Rule 12(b)(1) for lack of subject matter jurisdiction. He concluded Plaintiff did not bring an action against a foreign state, did not assert a federal question, and did not meet the criteria for complete diversity because Plaintiff and some of the defendants were Texas citizens. Although Plaintiff listed his address on the 2003 complaint as San Antonio, Texas, and claimed he was injured while working on a job site in Texas, he now alleges at that time he moved from Ohio to Texas to be closer to the court hearing his case. He claims he was not aware this would deprive him of federal subject matter jurisdiction based on diversity of citizenship. The Western District of Texas docket reflects he moved to Holland, Ohio in March 2004, after his case was dismissed. He asserts the Texas district court denied him due process.

Plaintiff attempted to appeal this judgment. He filed a writ of mandamus with the U.S. Court of Appeals for the Fifth Circuit; however, the writ was denied. He then attempted to file a petition for a writ of certiorari in the United States Supreme Court, but was equally unsuccessful. He claims his petition was delayed by the post office and was considered untimely (Doc. 1 at 2). The United States Supreme Court docket reflects Plaintiff filed a "Motion to Direct the Clerk to File a Petition for a Writ of Certiorari Out-of-Time." *See Weaver v. U.S. Dist. Ct. for the W. Dist. of Tex.*, No. 04M61 (2005). The court denied the motion on April 4, 2005.

Plaintiff alleges United States Supreme Court Clerk McKinney told him he could go to any university receiving federal funds and, if he showed a United States Supreme Court case number to them, they would be obligated to help him. He claims he approached Professor Kennedy at the University of Toledo Law School and produced a Supreme Court case number. Although he spoke with Kennedy periodically over the course of a year, he contends Kennedy did not provide the assistance he needed. He later called the United States Supreme Court and discovered McKinney no longer worked there. He spoke to another clerk who informed him universities are not obligated to assist litigants with cases in the Supreme Court.

In addition, Plaintiff claims he filed for social security benefits in September 2010. His claim was denied, and he appealed that decision. The Social Security Administration Appeals Council denied review of the Administrative Law Judge's decision. Appeals Officer Durel advised Plaintiff he could seek review of that decision by filing an action with the United States District Court within sixty days of the date of the July 2012 Appeals Council decision. He states he would have been able to explain his case if he had been given the opportunity to do so by the Social Security Administration.

Plaintiff asserts Judge Biery denied him due process, but includes no legal claims against the other Defendants. He requests this Court grant him a default judgment against Judge Biery, and enter judgment in his favor against Williams in the 2003 case adjudicated in the Western District of Texas, Case No. SA-03-CV-626. Furthermore, he demands monetary damages against Defendants, and seeks social security benefits retroactive to 1986, plus twelve percent interest.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if the complaint fails to state a claim upon which relief can be granted, or if it lacks an

3

arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the district court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Plaintiff describes two incidents in his Complaint. The first of these incidents concerns a lawsuit filed in the Western District of Texas in 2003 in which Plaintiff asserts Judge Biery denied him due process only by dismissing his case. He does not assert any other claims against any other Defendants. The second incident involves the denial of his application for social security disability benefits. He unsuccessfully appealed that decision and was told he could seek review in federal court. He does not assert any legal claims against any Defendants relative to this incident.

This Court has difficulty discerning the nature of Plaintiff's claims. He names as Defendants two individuals he sued in the 2003 Texas case, and the judge who presided over that case, and requests this Court grant him judgment in the Texas case. It is possible Plaintiff is asking this Court to order Judge Biery to reopen the case and to enter judgment in his favor. It is also possible Plaintiff may be attempting to refile the 2003 Texas case in this Court and continue the litigation here. Because Plaintiff requests monetary damages, the Complaint could also be construed as an attempt to sue Judge Biery for damages for the decision he made to dismiss the case in 2003. Plaintiff fails to assert any legal claim pertaining to the denial of his social security claim. Based on the decision he attaches to his Complaint, it is possible Plaintiff may be trying to appeal the denial of benefits.

As an initial matter, Plaintiff does not provide legal authority to suggest this Court has subject matter jurisdiction to order Judge Biery to reopen the 2003 case, reverse his original decision, and enter judgment in Plaintiff's favor. This Court is unaware of precedent authorizing the issuance of such an order. To the extent Plaintiff is asking this Court to grant him that relief, his request is denied.

To the extent Plaintiff is attempting to refile the 2003 Texas case in this Court, his claims must be dismissed. The Northern District of Ohio is not the proper venue for such an action. Because subject matter jurisdiction in this case is based, at least in part, on the assertion of a federal claim, venue is proper only in: (1) a judicial district where any Defendant resides, if all Defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any Defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). All Defendants do not reside in the State of Ohio, as Judge Biery is a resident of Texas. Venue is also

proper in a district where the events which gave rise to this claim occurred. The original injury occurred in Texas. The 2003 lawsuit was filed in San Antonio, Texas. Under the second criterion, venue is proper in the Western District of Texas, not the Northern District of Ohio.

Section 1406(a) of Title 28 provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. Plaintiff has not stated a viable claim for relief against Defendants, and transfer of this case to the Western District of Texas would not be appropriate.

To the extent Plaintiff brought this action against Judge Biery to obtain damages from him for decisions he made in the course of the 2003 case, the claim must be dismissed because Judge Biery has judicial immunity. Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). Judges are given this far-reaching protection from lawsuits to ensure their independent and impartial exercise of judgment is not impaired by exposure to potential damages. *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). For this reason, absolute judicial immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1116. Plaintiff alleges no facts to show either of these criteria has been met in this case.

The determination of whether an action is performed in a judicial capacity depends on the "nature" and "function" of the act, not on the act itself. *Mireles*, 502 U.S. at 13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). To determine the "nature" of the act committed by the judge, courts examine whether it is a function generally performed by a judge. *Stump*, 435 U.S. at 362. This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires

6

only an overall examination of the judge's alleged conduct in relation to general tasks normally performed by judges. *Mireles*, 502 U.S. at 13. Second, an examination of the "function" of the act requires the court to assess whether the parties dealt with the judge in his judicial capacity or on a personal basis. *Id.*

Plaintiff provides very few factual allegations against Judge Biery. He indicates the Judge rendered a decision that was not in his favor. He also indicates his case was dismissed because diversity of citizenship was not complete. Issuing judgments and examining the court's subject matter jurisdiction are tasks normally performed by a judge. Plaintiff does not allege he had interactions with Judge Biery when he was not presiding over Plaintiff's case. Judge Biery is therefore immune from damages under the first criteria.

Judicial immunity also can be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of *all* jurisdiction. *Mireles*, 502 U.S. at 11–12; *Barnes*, 105 F.3d at 1116 (emphasis added). When the immunity of the judge is at issue, the scope of the judge's jurisdiction is broadly construed. *Stump*, 435 U.S. at 356–57. A judge will not be deprived of immunity if the action was performed in error, maliciously, or was in excess of his authority. *Id.* Actions taken in complete absence of all jurisdiction are those acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). This could occur, for example, if a domestic relations court judge, without proper appointment, hears a criminal appeal. *King*, 766 F.2d at 965. Conversely, the judge will not be deprived of immunity merely by acting in excess of his authority. *See Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

In this case, Plaintiff does not allege facts suggesting Judge Biery acted outside of the subject matter of his court. Plaintiff's allegations suggest he did not agree with Judge Biery's decision to

7

dismiss his case, but Plaintiff has not indicated the decision was clearly beyond the subject matter of a United States district court. Judge Biery is therefore absolutely immune from a suit for damages.

In addition, Plaintiff does not assert any legal claims against Fishman, Williams, Kennedy, Durel, the United States Attorney General, or Midian. Plaintiff is proceeding *pro se*, and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.1999). The latitude courts extend to *pro se* pleadings, however, is not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). To meet the basic pleading requirements of Federal Civil Rule 8, Plaintiff must give this Court some indication of the type of legal claim he intends to assert, and must include direct or inferential allegations to support or explain the material elements of some viable legal theory. *Iqbal*, 556 U.S. at 678. This Court's role is to adjudicate disputes, not to assist parties in formulating their claims. *Beaudett*, 775 F.2d at 1278. Plaintiff does not specify legal claims against these Defendants and does not allege enough facts to suggest claims he may be intending to assert. Therefore, his Complaint against these Defendants fails to meet the basic pleading requirements of Federal Civil Rule 8.

Finally, it is possible Plaintiff is seeking to file an appeal of the denial of social security benefits. He attaches a copy of the decision from the Appeals Council dated July 24, 2012 informing Plaintiff he can seek review from the federal court by filing a civil action within sixty days from the date he received the decision. This action was filed in this Court on September 26, 2012, just within the sixty-day time limitation. Plaintiff, however, did not follow the instructions in the section of the Notice titled "How to File a Civil Action" which instructed him to name the Commissioner of Social Security as the defendant (Doc. 1-1 at 2). The Commissioner of Social

Security is not named as a defendant in this action, nor do allegations in the Complaint indicate why Plaintiff believes he is entitled to social security benefits. This Court cannot construe the Complaint as a social security appeal.

## CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is granted, and this action is dismissed under 28 U.S.C. § 1915(e). Plaintiff's Motion for Appointment of Counsel (Doc. 3), Motion for Closed Hearing (Doc. 4), and Motion to Compel Discovery (Doc. 5) are denied. Further, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                               s/ *Jack Zouhary*
                                               JACK ZOUHARY
                                               U. S. DISTRICT JUDGE

March 13, 2013